UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE DOE,

                Plaintiffs,

- against -

THE CITY OF NEW YORK,

                Defendant.
----------------------------------------------------------------X

**ORDER**
05-CV-5439 (RRM) (SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 0 5 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiff, Jane Doe, brings this action against the City of New York alleging that she was denied an accidental disability retirement pension without due process and based on gender and disability discrimination in violation of her rights under 42 U.S.C. § 1983 and state and city laws. Defendant moved for summary judgment and the Court referred Defendant's motion to the Honorable Steven M. Gold for a Report and Recommendation ("R&R"). On November 10, 2009, Judge Gold recommended that Defendant's motion for summary judgment be granted.

Now before the Court is Plaintiff's objections to the R&R.[1] Plaintiff argues that Judge Gold (1) overlooked factual evidence; (2) improperly relied on evidence; and (3) applied the wrong state and city legal standards for analyzing Plaintiff's discrimination claims.

In light of Plaintiff's timely objections, and pursuant to this Court's obligations under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) (3), this Court has conducted a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of Plaintiff's objections, as well as the points discussed in Defendant's supporting submissions, Plaintiff's objections are overruled. This Court, fully

---

[1] Plaintiff originally moved for reconsideration of Judge Gold's R&R but now requests that the Court reclassify the motion for reconsideration as objections to the R&R. Document 48. Plaintiff's request is granted.

concurring with the Magistrate Judge in all material respects, hereby adopts, as its own, the rationale articulated in the thoroughly researched and well-reasoned R&R.

Briefly, Plaintiff argues that there is a "total lack" of documented medical evidence that she obtained HIV through heterosexual contact. However, Plaintiff's medical reports and her own statements indicate that she contracted HIV from her partner, and there is nothing to suggest that this evidence was improperly considered by either the Medical Board or the Court. Moreover, the deposition testimony of David Lichtenstein, M.D., which Plaintiff now presents in conjunction with her objections to the R&R in an attempt to refute the Medical Board's determination, was never submitted to the Magistrate Judge. Accordingly, this Court declines to entertain this new evidence. *See In re Consolidated RNC Cases*, 2009 WL 130178 (S.D.N.Y. Jan. 8, 2009) ("While a district judge may receive further evidence or new arguments in reviewing objections to a magistrate judge's ruling . . . accepting such evidence or considering new arguments is disfavored absent a most compelling reason for the failure to present such evidence or arguments in the first instance.").

In any event, the role of this Court is to determine whether Plaintiff's constitutional rights were violated; it need not resolve how Plaintiff acquired HIV. Here, the Magistrate Judge correctly noted that the Medical Board physically examined Plaintiff and reviewed her medical records on various occasions, and Plaintiff had meaningful opportunities to challenge the PPF Board's adverse determinations through Article 78 proceedings. Nothing in the record suggests that Defendant violated Plaintiff's procedural or substantive due process rights.

Finally, the Magistrate Judge correctly concluded that Plaintiff had failed to present sufficient evidence to support any inference of discrimination based on her gender or disability to support her state and federal claims. *See Cruz v. Coach Stores, Inc.*, 202 f.3d 560, 565 n.1 (2d Cir. 2000) (gender discrimination claims brought pursuant to state and city human rights laws analyzed

under the Title VII standard); *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.2d 113, 119 n.1 (2d Cir. 2004) (state and city disability discrimination claims analyzed under standard set forth in the Americans with Disabilities Act). In her objections, Plaintiff argues that her gender and disability discrimination claims brought under the New York City Human Rights Law ("NYCHRL") are to be examined under a more liberal standard than that applied by the Magistrate Judge. In accordance with the Local Civil Rights Restoration Act of 2005,[2] and out of an abundance of caution, this Court has thoroughly reviewed these claims independently from, and more liberally than, their federal and state counterparts. *See Abraham v. New York City Dept. of Educ.*, No. 09-2238-cv, 2010 WL 3668675, at *2 (2d Cir. Sept. 22, 2010) (summary order); *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673, 682 (S.D.N.Y. 2009); *see also Williams v. New York City Housing Auth.*, 872 N.Y.S. 2d 27, 66 (App. Div. 2009). However, "[n]othing in the 2005 revisions to the NYCHRL changed the standard for creating a disputed issue of material fact under Rule 56." *Baguer v. Spanish Broadcasting Sys., Inc.*, No. 04 Civ. 8393, 2010 WL 2813632, at *16 (S.D.N.Y. July 12, 2010). After conducting such review, this Court finds that, even under the more liberal standard espoused by the NYCHRL, Plaintiff's NYCHRL claims of gender and disability discrimination must be dismissed for the same reasons set forth in the Magistrate Judge's R&R with respect to her claims arising under federal and state law. As Defendants note, Plaintiff has failed to raise a triable issue of fact raising an inference of gender or disability discrimination, even under the liberal interpretation required by the NYCHRL.

---

[2] *See* N.Y.C. Local Law No. 85 (2005).

## CONCLUSION

It is hereby ORDERED that Defendant's motion for summary judgment is GRANTED, and all remaining federal, state and city claims are DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2010

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge